IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOEL AND SHARON LANDRETH, | § | |
|     Plaintiffs, | § | |
| | § | |
| And | § | |
| | § | |
| STATE FARM LLOYDS INSURANCE | § | |
| COMPANY AS SUBROGEE OF | § | |
| JOEL AND SHARON LANDRETH | § | Civil Action No. 4:14-cv-00339-Y |
| | § | |
| vs. | § | |
| | § | |
| DORMONT MANUFACTURING | § | |
| COMPANY, SEARS HOLDING | § | |
| CORPORATION, INC. AND SEARS | § | |
| AUTHORIZED RETAIL DEALER | § | |
| AZLE, | § | |
|     Defendants. | § | |

**FIRST AMENDED COMPLAINT IN INTERVENTION**

**COMES NOW, STATE FARM LLOYDS INSURANCE COMPANY** as subrogee of **JOEL and SHARON LANDRETH**, and files this, its First Amended Complaint in Intervention as a party-plaintiff, as authorized by Federal Rule of Civil Procedure 24.

**I. PARTIES**

1.    Intervenor, **STATE FARM LLOYDS INSURANCE COMPANY as subrogee of JOEL AND SHARON LANDRETH**, is an insurance company doing business in the State of Texas.

2.    Plaintiffs, **JOEL AND SHARON LANDRETH**, through counsel of record: Rustin D. Brunson; Jim Ross & Associates, P.C., 2301 E. Lamar Blvd., Suite 175, Arlington, Texas 76006.

3.    Defendant, **DORMONT MANUFACTURING COMPANY** is a foreign corporation doing business in the State of Texas who has entered an appearance in this case and may be served with a copy of this pleading by serving its attorneys of record: H. Brook Laskey; McCoy Leavitt

Laskey LLC, 1805 Rio Grande Blvd. NW, Suite 2, Albuquerque, New Mexico, 87104; and John S. Jose, Slack & Davis, L.L.P., 100 Lexington Street, Suite 070, Fort Worth, Texas 76102.

4. Defendant, **SEARS, ROEBUCK AND CO. previously incorrectly named as SEARS HOLDING CORPORATION**, is a foreign corporation doing business in the State of Texas who has entered an appearance in this case and may be served with a copy of this pleading by serving its attorney of record: Barry A. Moscowitz and Rachael Chong Walters; Thompson, Coe, Cousins & Irons, LLP, Plaza of the Americas, 700 N. Pearl St., 25th Floor, Dallas, Texas 75201.

5. Defendant, **EXEL INC.** is a Massachusetts corporation doing business in the State of Texas who has entered an appearance in this case and may be served with a copy of this pleading by serving its attorneys of record: James D. Stanton and Bill Venegoni; The Law Offices of James Stanton, LLP, Turtle Creek Centre, Suite 770, 3811 Turtle Creek Boulevard, Dallas, Texas 75210.

6. Defendant, **MXD GROUP, INC. formerly known as EXEL DIRECT, INC.** is an Ohio corporation doing business in the State of Texas and may be served with a copy of this pleading by serving its registered agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## II.  PRODUCTS LIABILITY

7. This matter involves a products liability cause of action which arises from the manufacturing and marketing defects of a stainless steel gas connector for indoor and outdoor use (the "product" or " stainless steel gas connector in question") which was designed, manufactured, marketed and/or otherwise placed into the stream of commerce by DORMONT MANUFACTURING COMPANY.  The stainless steel gas connector in question was ultimately installed in the residence of Joel and Sharon Landreth.

8. At all times relevant to this matter DORMONT MANUFACTURING COMPANY, was engaged in the business of designing, manufacturing, and marketing the same type of stainless steel gas connector as the stainless steel gas connector in question.

9. DORMONT MANUFACTURING COMPANY marketed the same model as the stainless steel gas connector in question to the general public, throughout the United States, as well as within the State of Texas.

### III.  FACTUAL BACKGROUND

10. On or about May 21, 2012, Joel and Sharon Landreth purchased a Kenmore gas range from a Sears Authorized Retail Dealer located at 601 Northwest Parkway in Azle, Texas and set an appointment for installation and delivery.

11. On May 23, 2012, the appliance was delivered to the Landreths' residence located at 591 Jay Bird Lane, Springtown, Texas 76082-6949, and was installed by Exel Inc.

12. Upon information and belief, Exel was purchased and is now MXD Group, Inc.

13. On May 25, 2012, the Landreths received a phone call from the neighbor notifying them that the Springtown Fire Department had responded to a fire at their residence.   Unfortunately, the residence and its contents were completely destroyed.

14. Shortly after the fire was extinguished, the Springtown Fire Department conducted an investigation and determined that the fire originated in the kitchen of the Landreth residence, specifically in the area of the gas range.

15. Furthermore, the investigator determined that the fire was caused by the faulty installation and connection of the stainless steel gas connector for the range.

16. Intervenor also conducted an independent origin and cause investigation which corroborated the Springtown Fire Department's conclusions.

### IV.  CAUSES OF ACTION AGAINST DEFENDANT DORMONT MANUFACTURING COMPANY

#### Count One -- Strict Liability

Intervenor incorporates the foregoing paragraphs by reference as though fully set forth herein.

17. The product in question was defective and unsafe for its intended purpose at the time it left the control of Defendant DORMONT MANUFACTURING COMPANY.

18. Defendant DORMONT MANUFACTURING COMPANY knew, or in the exercise of reasonable care, should have known, that the gas supply line in question was defective and that it presented the probability of harm to any foreseeable users unless it was free from defect.

19.     Therefore, Defendant DORMONT MANUFACTURING COMPANY owed a duty to foreseeable users, and to Joel and Sharon Landreth in particular, to inspect the gas supply line in question, to determine whether it would be reasonably fit for its intended purposes, and to warn or give fair and adequate notice of the inherently dangerous condition that existed as a result of the improper manufacture of the gas supply line in question.

20.     There was a manufacturing defect in the gas supply line in question at the time it left the possession of Defendant DORMONT MANUFACTURING COMPANY that was a producing cause of the occurrence in question and the damages as set forth herein.

21.     As a result of the manufacturing defect, the gas supply line in question was in an unreasonably dangerous condition; *i.e.*, the gas supply line in question was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

22.     There was a defect in the marketing of the gas supply line in question at the time it left the possession of Defendant DORMONT MANUFACTURING COMPANY that was a producing cause of the occurrence in question and damages set forth herein.

23.     Defendant DORMONT MANUFACTURING COMPANY failed to give adequate warnings of the product's dangers that were known, or by the application of reasonably developed human skill and foresight should have been known, or failed to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

24.     Intervenor alleges that the damages incurred by Joel and Sharon Landreth were a direct and proximate result of the defective condition of the gas supply line in question.

25.     Further, Joel and Sharon Landreth were unaware of any defects inherent in the gas supply line in question or of any danger that could result from the use thereof at the time they made use of the gas supply line in its intended manner. Therefore, Intervenor invokes the doctrine of strict liability in tort.

### Count Two -- Negligence

Intervenor incorporates the foregoing paragraphs by reference as though fully set forth herein.

26.     Intervenor would show that on the occasion in question, Defendant DORMONT

MANUFACTURING COMPANY owed a duty to exercise ordinary care in the design, preparation, manufacture, and sale of its products.

27. The gas supply line in question was defective and unsafe for its intended purpose at the time it left the control of Defendant DORMONT MANUFACTURING COMPANY and at the time it was installed in the residence of Joel and Sharon Landreth.

28. The gas supply line in question was defective in that it failed to conform to the product design and specifications of other similar products. Defendant DORMONT MANUFACTURING COMPANY breached its duty and, as a direct and proximate result of its negligence, caused Joel and Sharon Landreth to suffer damages.

29. Intervenor would show that the negligent acts and/or omissions on the part of Defendant DORMONT MANUFACTURING COMPANY were the proximate cause of Intervenor's damages in an amount within the jurisdictional limits of this Court.

### Count Three -- Breach of Express and Implied Warranties

Intervenor incorporates the foregoing paragraphs by reference as though fully set forth herein.

30. Defendant DORMONT MANUFACTURING COMPANY held out to the general public, and to Joel and Sharon Landreth specifically, that the gas supply line in question would conform with the qualities of the same or similar products.

31. As a result of the actions of Defendant DORMONT MANUFACTURING COMPANY, it breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

32. Defendant DORMONT MANUFACTURING COMPANY held out to the general public, and to Joel and Sharon Landreth specifically, that the gas supply line in question would conform with the qualities of the same or similar products.

33. As a result of the actions of Defendant DORMONT MANUFACTURING COMPANY, it breached an express warranty as set forth in section 2.314 of the Texas Business and Commerce Code.

34. Intervenor has suffered the damages set forth above as a result of Defendant's breach of the

foregoing warranties and pleads for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and, specifically, section 2.715(b)(2) of that Code.

### V.   CAUSES OF ACTION AGAINST DEFENDANT SEARS, ROEBUCK & CO.

#### Count One – Negligence

Intervenor incorporates the foregoing paragraphs by reference as though fully set forth herein.

35. Intervenor would show that on the occasion in question, Defendant SEARS, ROEBUCK & CO. was the retailer responsible for the sale of the gas supply line and the hire of the installation professional to properly install the gas supply line in question in the Property.

36. As such, Defendant SEARS, ROEBUCK & CO. owed a duty to exercise reasonably prudent and ordinary care in the sale of the gas supply line and the hire of the installation professional.

37. The negligent acts and/or omissions on the part of Defendant SEARS, ROEBUCK & CO. include, but are not limited to, the following:

   a. Failing to sell the proper length gas supply line used in the Property;

   b. Failing to properly supervise the employees, servants, and subcontractors that installed the gas supply line in the Property to ensure that the Property was properly protected;

   c. Failing to inspect the gas supply line to ensure that it was properly installed;

   d. Failing to take reasonable and necessary steps and precautions to prevent the risk of harm to the Property;

   e. Failing to ensure that the installation of the gas supply line in the Property was performed in a reasonable, safe, good and workmanlike manner;

   f. Failing to follow and adhere to applicable industry standards, manufacturer's installation instructions and practices in installing the gas supply line in the Property; and/or,

   g. Failing to follow and adhere to applicable local and national plumbing codes in

installing the gas supply line in the Property.

38. Intervenor would show that each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence and as a direct and proximate result, Intervenor suffered damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. CAUSES OF ACTION AGAINST DEFENDANT EXEL INC.

### Count One – Negligence

Intervenor incorporates the foregoing paragraphs by reference as though fully set forth herein.

39. Intervenor would show that on the occasion in question, Defendant EXEL INC. was responsible for the proper installation of the gas supply line in question in the Property.

40. As such, Defendant EXEL INC. owed a duty to exercise reasonably prudent and ordinary care in the installation of the gas supply line in question in the Property.

41. Defendant EXEL INC. breached this duty by failing to properly install the gas supply line in the Property.

42. The negligent acts and/or omissions on the part of Defendant EXEL INC. include, but are not limited to, the following:

    a. Failing to sell the proper length gas supply line used in the Property;

    b. Failing to properly install the gas supply line in the Property;

    c. Failing to properly supervise the employees, servants, and subcontractors that installed the gas supply line in the Property to ensure that the Property was properly protected;

    d. Failing to inspect the gas supply line to ensure that it was properly installed;

    e. Failing to take reasonable and necessary steps and precautions to prevent the risk of harm to the Property;

    f. Failing to ensure that the installation of the gas supply line in the Property was performed in a reasonable, safe, good and workmanlike manner;

      g.     Failing to follow and adhere to applicable industry standards, manufacturer's installation instructions and practices in installing the gas supply line in the Property; and/or,

      h.     Failing to follow and adhere to applicable local and national plumbing codes in installing the gas supply line in the Property.

43.    Intervenor would show that each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence and as a direct and proximate result, Intervenor suffered damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VI.  CAUSES OF ACTION AGAINST DEFENDANT MXD GROUP, INC.

### Count One – Negligence

Intervenor incorporates the foregoing paragraphs by reference as though fully set forth herein.

44.    Intervenor would show that on the occasion in question, Defendant MXD GROUP, INC. was responsible for the proper installation of the gas supply line in question in the Property.

45.    As such, Defendant MXD GROUP, INC. owed a duty to exercise reasonably prudent and ordinary care in the installation of the gas supply line in question in the Property.

46.    Defendant MXD GROUP, INC. breached this duty by failing to properly install the gas supply line in the Property.

47.    The negligent acts and/or omissions on the part of Defendant MXD GROUP, INC. include, but are not limited to, the following:

      a.     Failing to sell the proper length gas supply line used in the Property;

      b.     Failing to properly install the gas supply line in the Property;

      c.     Failing to properly supervise the employees, servants, and subcontractors that installed the gas supply line in the Property to ensure that the Property was properly protected;

      d.     Failing to inspect the gas supply line to ensure that it was properly installed;

      e.      Failing to take reasonable and necessary steps and precautions to prevent the risk of harm to the Property;

      f.      Failing to ensure that the installation of the gas supply line in the Property was performed in a reasonable, safe, good and workmanlike manner;

      g.      Failing to follow and adhere to applicable industry standards, manufacturer's installation instructions and practices in installing the gas supply line in the Property; and/or,

      h.      Failing to follow and adhere to applicable local and national plumbing codes in installing the gas supply line in the Property.

48.    Intervenor would show that each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence and as a direct and proximate result, Intervenor suffered damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VII.  DAMAGES

49.    As a result of the acts and/or omissions on the part of Defendants DORMONT MANUFACTURING COMPANY, SEARS ROEBUCK & CO. incorrectly identified as SEARS HOLDING CORPORATION, EXEL INC., and MXD GROUP, INC. formerly known as EXEL DIRECT, INC., Joel and Sharon Landreth sustained damage to their real and personal property in the amount of at least **$406,257.95**.

50.    Pursuant to a homeowner's insurance policy in effect for the date of loss, Intervenor, STATE FARM LLOYDS INSURANCE COMPANY, compensated Mr. and Mrs. Landreth for the covered damages they incurred.

51.    Intervenor now asserts its contractual and equitable subrogation claims to collect these damages from Defendants DORMONT MANUFACTURING COMPANY, SEARS ROEBUCK & CO. incorrectly identified as SEARS HOLDING CORPORATION, EXEL INC., and MXD GROUP, INC. formerly known as EXEL DIRECT, INC.

52.    After allowing for all just and lawful offsets, payments, and credits, of which there are none, Defendants DORMONT MANUFACTURING COMPANY, SEARS ROEBUCK & CO.

incorrectly identified as SEARS HOLDING CORPORATION, EXEL INC., and MXD GROUP, INC. formerly known as EXEL DIRECT, INC. continue to be indebted to Intervenor in the total amount of at least **$406,257.95**.

53. Intervenor hereby asserts its claim for damages as described above. All conditions precedent to Intervenor's recovery have been performed or have occurred as required.

54. STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JOEL AND SHARON LANDRETH hereby demands a jury trial.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Intervenor, **STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JOEL AND SHARON LANDRETH**, requests that Defendants **DORMONT MANUFACTURING COMPANY; SEARS, ROEBUCK & CO. incorrectly identified as SEARS HOLDING CORPORATION; EXEL INC.; and MXD GROUP, INC. formerly known as EXEL DIRECT, INC.** take notice of the filing of this Complaint in Intervention, be cited to appear and answer herein, and that upon final hearing, Intervenor recover the following:

1. A judgment against Defendants, jointly and severally, for actual damages in the amount of at least **$406,257.95**;

2. A judgment against Defendants, jointly and severally, for pre- and post-judgment interest as provided by law;

3. A judgment against Defendants, jointly and severally, for all costs of court and attorneys fees incurred by Plaintiff; and

4. A judgment against Defendants, jointly and severally, for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By:    */s/ Patrick W. Whitaker*
      **N. Scott Carpenter**
      State Bar No. 00790428
      **Patrick W. Whitaker (Lead Attorney)**
      State Bar No. 24061366
      **CARPENTER & SCHUMACHER, P.C.**
      Parkway Centre IV
      2701 North Dallas Parkway, Suite 570
      Plano, Texas 75093
      (972) 403-1133
      Fax (972) 403-0311
      scarpenter@subrogatelaw.com
      pwhitaker@subrogatelaw.com

*ATTORNEY FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE OF JOEL AND SHARON LANDRETH*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served, in accordance with the Federal Rules of Civil Procedure, upon the following counsel on the ____ day of September, 2014:

| | |
|---|---|
| Jim R. Ross | H. Brook Laskey |
| Rustin D. Brunson | McCoy Leavitt Laskey LLC |
| Jim Ross & Associates, P.C. | 1805 Rio Grande Blvd. NW, Suite 2 |
| 2301 E. Lamar Blvd., Ste. 175 | Albuquerque, New Mexico 87104 |
| Arlington, Texas 76006 | |
| *Attorney for Plaintiffs* | and |
| | |
| Barry A. Moscowitz | John S. Jose |
| Rachael Chong Walters | Slack & Davis, L.L.P. |
| Thompson, Coe, Cousins & Irons, LLP | 100 Lexington Street, Suite 070 |
| Plaza of the Americas | Fort Worth, Texas 76102 |
| 700 N. Pearl Street, 25th Floor | *Attorneys for Defendant* |
| Dallas, Texas 75201 | *Dormont Manufacturing Company* |
| *Attorneys for Defendant* | |
| *Sears, Roebuck & Co.* | James D. Stanton |
| | Bill Venegoni |
| | The Law Offices of |
| | James Stanton, LLP |
| | Turtle Creek Centre, Suite 770 |
| | 3811 Turtle Creek Boulevard |
| | Dallas, Texas 75219 |
| | *Attorneys for Defendant* |
| | *Exel, Inc.* |

                                       */s/ Patrick W. Whitaker*
                                           Patrick W. Whitaker